JULIE E. MAURER, SB #023347
Julie.Maurer@lewisbrisbois.com
AARON C. SCHEPLER, SB #019985
Aaron.Schepler@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Plaintiff United Van Lines, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United Van Lines, LLC, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Frank DeVivo and Marie DeVivo, | |
| Defendants. | |

For its Complaint against Defendants, Plaintiff United Van Lines, LLC ("United") alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. United is a Missouri limited liability company with its principal place of business in Fenton, Missouri. United is a motor carrier of household goods and personal property by the authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 et. seq.

2. Upon information and belief, Defendant Frank DeVivo resides in Scottsdale, Arizona and Defendant Marie DeVivo resides in Scottsdale, Arizona.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, as confirmed in *Thurston Motor Lines, Inc. v. Rand*, 460 U.S. 533 (1983). This action involves the collection of interstate tariff charges for a shipment moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706 and 13702.



4860-8055-3232.2

4. The matter complained of herein and the liability of Defendants arises from the interstate carriage of household goods and personal property.

5. 28 U.S.C. §§ 1331 and 1337 confer original jurisdiction upon these actions arising under the Acts of Congress regulating commerce, regardless of the amount in controversy.

6. Additionally, the Court has jurisdiction over United's state-law breach-of-contract claim pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

7. Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the claim occurred in this venue. 28 U.S.C. § 1391(b).

## CLAIMS FOR RELIEF

### Count I: Breach of Interstate Transportation Contract

8. United repeats and realleges paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. The matter complained of herein and the liability of Defendants are predicated upon the interstate transportation of property by United, pursuant to a Bill of Lading and United's duly published tariff incorporated therein by reference. 49 U.S.C. §§ 13702 and 13706.

10. On or about September 20, 2021, Defendants entered into and accepted a contract with United for the interstate shipment of their personal property and household goods from Huntington, New York to Scottsdale, Arizona. The contract, On Point Price Certainty Order for Service/Bill of Lading No. 88-8820-1 ("Bill of Lading"), incorporates by reference United's published tariff UMT1.

11. The following terms are printed in Section 7 of the Bill of Lading contract entered into between United and Defendants:

> Customer, Consignor upon tender of the shipment to Carrier, and the Consignee upon acceptance of delivery of shipment from Carrier, shall be jointly and severally liable for all freight and other charges

accruing on account of a shipment in accordance with applicable tariffs or contract rate schedules, including all sums advanced or disbursed by Carrier on account of such shipment. The owner of the goods and/or beneficiary of the services acknowledges he/she remains primarily liable for payment….

12. Defendants tendered to United their household goods and personal property for subsequent interstate transit from New York to Arizona.

13. On or about September 30, 2021, United delivered the tendered household goods and personal property to Defendants at Scottsdale, Arizona, pursuant to the Bill of Lading.

14. The interstate tariff transportation charges, in the total amount of $25,798.57, are due from the interstate carriage of Defendants' household goods and personal property from Huntington, New York to Scottsdale, Arizona.

15. Defendants have made a partial payment to United in the amount of $15,000.00. The remaining unpaid balance of the interstate tariff transportation charges, in the amount of $10,798.57, are due from the interstate carriage of Defendants' goods from New York to Arizona.

16. The interstate transportation services for carriage of Defendants' personal property and household goods were performed in accordance with the Bill of Lading and United's tariff provisions incorporated therein.

17. Defendants were the actual and beneficial owners or legal possessors and consignees of the household goods and personal property for which the interstate transportation services were provided by United, pursuant to the Bill of Lading. In accordance with 49 U.S.C. §§ 13702 and 13706, United is entitled to collect, and Defendants are obligated to pay, the full applicable tariff charges due.

18. United has performed all the terms and conditions set forth in the Bill of Lading and there is due and owing the balance of $10,798.57 as unpaid tariff transportation charges.

19. Despite timely and repeated demands, Defendants have breached the Bill of Lading by failing and/or refusing to pay United the outstanding transportation charges. Defendants are liable to United in the sum of $10,798.57, pursuant to the terms of the Bill of Lading and the I.C.C. Termination Act of 1995, §§ 49 U.S.C. 13706 and 13707.

20. The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, United is entitled to pre-judgment interest at the highest rate allowed by law on all such obligations from the dates in which they became due through the date of judgment.

## Count II: Common-Law Breach of Contract

21. United repeats and realleges paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. On Point Price Certainty Order for Service/Bill of Lading No. 88-8820-1 constitutes a valid, legally binding contract between United and Defendants.

23. United fully performed its obligations under the contract.

24. Defendants breached the contract by failing and refusing to pay all amounts due and owing thereunder.

25. United has suffered damages as a direct and proximate result of Defendants' breach of the contract.

26. As the successful party herein, United is entitled to an award of its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

## JURY DEMAND

Plaintiff United Van Lines, LLC demands a trial by jury on all issues.

## PRAYER FOR RELIEF

United prays for the entry of a judgment against Defendants as follows:

A. For actual damages in the amount of $10,798.57;

B. For an award of attorneys' fees pursuant to A.R.S. § 12-341.01;

C. For an award of costs pursuant to 28 U.S.C. § 1920;

D. For pre- and post-judgment interest at the highest rate allowed by law; and

E.     For such other and further relief as the Court deems just and proper.

DATED this 16th day of March, 2022.

          LEWIS BRISBOIS BISGAARD & SMITH LLP


        By: *s/ Aaron C. Schepler*
           Julie E. Maurer
           Aaron C. Schepler
           *Attorneys for Plaintiff United Van Lines, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2022, I electronically filed the foregoing **COMPLAINT** with the Clerk of the Court using the CM/ECF system.

I also certify the document and a copy of the Notice of Electronic Filing were served via process server on the following non-CM/ECF participants:

> Frank and Marie DeVivo
> 27082 N. 109th Way
> Scottsdale, AZ 85250
> *Plaintiffs in pro per*

*s/ Michelle R. Leach*